IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRADY G.,[1]

        Plaintiff,                         Civ. No. 6:22-cv-00618-MC

    v.                                     **OPINION AND ORDER**

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**

        Defendant.

_____

**MCSHANE, Judge**:

    Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security denying his application for supplemental security disability insurance benefits under Title XVI of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

    Plaintiff alleges that the Administrative Law Judge ("ALJ") erred by (1) finding unpersuasive the medical opinion of Royce Ryker, FNP-C, and (2) improperly rejecting Plaintiff's subjective symptom testimony. Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party.

1 – OPINION AND ORDER

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for benefits on April 26, 2019, alleging disability as of February 1, 2018. Tr. 163-164. Following a February 2021 hearing, ALJ Spaulding determined Plaintiff was not disabled in a March 2021 decision. Tr. 18-28. Plaintiff sought review of the hearing decision from the Appeals Council, which they denied in February 2022. Tr. 157-59, 1-7. The ALJ's decision then became final, and now Plaintiff seeks judicial review of the ALJ's decision.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

**DISCUSSION**

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. *Id.*

Plaintiff argues the ALJ erred in finding unpersuasive the medical opinion of Royce Ryker, FNP-C because the ALJ found ". . . that FNP Ryker's opinion 'is poorly supported by [her] treatment notes and expertise.'" Pl.'s Br. 10; ECF No. 13. FNP Ryker opined that because Plaintiff was taking two different immunosuppressants, he needed to avoid risk of exposure to COVID-19 as much as possible and avoid working outside of his home. Tr. 565. Plaintiff argues that because the ALJ found FNP Ryker's opinions unpersuasive due to her lack of "credentials to opine about COVID-19, the risk of exposure, or the effect of immunosuppressants on such," this was harmful error. Pl.'s Br. 6 (citing Tr. 26); ECF No. 13. Plaintiff argues:

> FNP Ryker is an experienced gastroenterology specialist . . . FNP Ryker remains current on studies related to the COVID-19 virus and vaccines as they relate to patients receiving immunosuppressant treatments. Tr. 303. By contrast, the ALJ was notably persuaded by the opinion of a reviewing state agency consultant who specializes in internal medicine, not gastroenterology. Tr. 26 . . . The ALJ therefore erred in discounting FNP Ryker's specialized opinion on this ground.

Pl.'s Br. 6-7.

While the ALJ discussed the opinion of the consulting physician, Dr. Hazlewood, and found it persuasive, the ALJ was not persuaded by Dr. Hazlewood's opinions solely due to his expertise in internal medicine, as the Plaintiff suggests. "[T]here is no longer any inherent extra weight given to the opinions of treating physicians . . . the ALJ considers the 'supportability' and 'consistency' of the opinions, followed by additional sub-factors, in determining how persuasive the opinions are." *Kevin R. H. v. Saul*, 2021 WL 4330860, at *4 (D. Or. Sept. 23, 2021). The ALJ was persuaded by Dr. Hazlewood's rationale in limiting Plaintiff to light exertional-level work and decided that it was well supported and consistent with the overall record:

> Although neither an examining nor treating physician, Dr. Hazlewood is a medical doctor with knowledge of the Social Security Administration's program and requirements. His opinion is derived from the medical evidence of record. However, Dr. Hazlewood failed to explain his rationale for limiting the claimant to the light exertional level, and did not include limitations specifically relating to the alleged symptoms of Crohn's disease (despite finding the medically determinable impairment severe). Nevertheless, the light exertional level is not inconsistent with the medical evidence of record, and I will give the claimant the benefit of the doubt as lifting/carrying may lead to possible aggravation of bowel movements. I am persuaded by Dr. Hazlewood's opinion in this regard, but also find sufficient evidence to warrant additional limitations to close proximity to a restroom, and 3 unscheduled breaks of 5 minutes each. Tr. 26 (internal citations omitted).

To the extent the ALJ erred, any error was harmless. Plaintiff's limitations due to Crohn's disease are accounted for in the RFC, and the ALJ went into sufficient detail as to why he was unpersuaded by FNP Ryker. "[S]he cites no medical evidence to recommend patients taking immunosuppressants take any *more* precautions than the *general population*." *Id*. The ALJ notes the CDC (Centers for Disease Control and Prevention) and WHO (World Health Organization) have no guidelines on the use of systemic immunosuppressive agents during the pandemic. *Id*. An ALJ may, but is not required to, discuss how they considered other factors like specialization when evaluating the persuasiveness of a medical opinion. 20 C.F.R. § 404.1520c(b)(2), (c)(4). Finally, the ALJ found inconsistencies between FNP Ryker's recommendation that Plaintiff

4 – OPINION AND ORDER

work from home, while at the same time recommending that Plaintiff not use grocery delivery services, wear a mask when in public, or utilize any other precautions to avoid COVID-19 in public. Tr. 27. The opinion itself is inconsistent with the entirety of the record and Plaintiff's own daily activities, Tr. 565-66, *but see* Tr. 42, 50, 51, 483, therefore the ALJ relied on substantial evidence to discount FNP Ryker's opinion.

Plaintiff next argues the ALJ erred in finding FNP Ryker's opinion unsupported. Specifically, Plaintiff argues FNP Ryker's treatment notes support her opinion that Plaintiff's Crohn's disease has been difficult to control, and that stabilizing his condition required two immunosuppressant medications, which place him at greater risk for infection and illness from COVID-19. Pl.'s Br. 11; ECF No. 13. The Court agrees with the Commissioner in that "Nurse Ryker provided no supporting explanations in her letter for why taking two immunosuppressants would automatically render an individual unable to work outside the home during COVID-19 . . . [and] it was reasonable for the ALJ to assume that there would be more robust support for this opinion in her treatment notes" Def. Resp. 10-11. In fact, the only mention of Plaintiff having to take precautions for COVID-19 was in one of Ryker's treatment notes which stated, "He was encouraged to continue social distancing." Tr. 556. However, the entirety of the globe was encouraged to social distance during the COVID-19 pandemic[2], which undermines FNP Ryker's recommendation that Plaintiff could not work outside of the home under any circumstance. For those reasons, to the extent the ALJ erred at all, any error was harmless.

---

[2]"Keep physical distance of at least 1 metre from others, even if they don't appear to be sick. Avoid crows and close contact." World Health Organization, *Advice for the public: Coronavirus disease (COVID-19)*, https://www.who.int/emergencies/diseases/novel-coronavirus-2019/advice-for-public (last visited July 24, 2023).

5 – OPINION AND ORDER

Plaintiff also contends the ALJ erred in discounting Plaintiff's subjective statements about his limitations. To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ performs a two-stage analysis. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017); 20 C.F.R. § 416.929. First, the claimant must produce objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090; 1102 (9th Cir. 2014); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Second, absent affirmative evidence that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for discounting the claimant's testimony regarding the severity of the symptoms. *Trevizo*, 871 F.3d at 678; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ must make findings that are sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). The Ninth Circuit demands more than a summary of the medical evidence and generic, high-level reasons why a claimant's allegations conflict with that evidence. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The Ninth Circuit "requires the ALJ to specifically identify the testimony she or he finds not to be credible and . . . explain what evidence undermines that testimony." *Id.*; *Brown-Hunter*, 806 F.3d at 494.

Clear and convincing reasons for rejecting a claimant's testimony "include conflicting medical evidence, effective medical treatment, medical noncompliance, inconsistencies in the claimant's testimony or between her testimony and her conduct, daily activities inconsistent with the alleged symptoms, and testimony from physicians and third parties about the nature, severity and effect of the symptoms" about which the claimant complains. *Bowers v. Astrue*, No. 11-cv-583-SI, 2012 WL 2401642, at *9 (D. Or. June 25, 2012) (citing *Tommasetti*, 533 F.3d at 1040);

6 – OPINION AND ORDER

*Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2013). In some circumstances, an ALJ may reject subjective complaints where the claimant's "statements at her hearing do not comport with objective medical evidence in her medical record." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). However, a lack of objective evidence may not be the sole basis for rejecting a claimant's subjective complaints. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

At the February 2021 hearing, Plaintiff testified he experiences frequent bowel movements, bloody stool, and persistent fatigue that was worse on the days of his injection treatment and the week prior to his next injection treatment. Tr. 42-51. These symptoms allegedly affected his most recent job in 2019 as a sound technician at a restaurant. Tr. 53. Plaintiff testified that job ended due to the effects Crohn's disease:

> [B]etween the medication they were giving me and my bowel movements, I just – I – you know I couldn't even work a half hour, hour, sitting there without having to go to the bathroom at that point.

Tr. 54.

However, Plaintiff reported these symptoms prior to his trial of the medication Azathioprine. When Plaintiff's attorney asks him if his bowel movement control has gotten better after using Azathioprine, Plaintiff answers in the affirmative and mentions that his test results have improved as well. *Id*. The 9th Circuit shows consistencies in rulings that affirm the ALJ's decision to deny benefits where symptoms have improved with medication. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (Impairments that can be effectively controlled by medication or treatment are not considered disabling for purposes of social security benefits); *See also Linda Jean T. v. Saul*, No. 19-cv-07738-DMR, 2021 U.S. Dist. LEXIS 90043, at *8 (N.D. Cal. May 11, 2021), *Lewis v. Comm'r of Soc. Sec. Admin.*, No. CV-

7 – OPINION AND ORDER

20-00765-PHX-MTL, 2021 U.S. Dist. LEXIS 39094, at *13 (D. Ariz. March 2, 2021). Here, Plaintiff testified that the frequency of his bowel movements decreases after receiving an injection of Remicade for at least a few weeks. Tr. 55. This claim is consistent with substantial objective evidence, various medical opinions, and physical exams, as addressed by the ALJ. *See* Tr. 25.

The ALJ did not reject outright Plaintiff's symptom testimony. Instead, the ALJ determined that while Plaintiff had severe limitations precluding him from anything other than limited light work, he was capable of doing more than he alleged. Tr. 23. The ALJ found Plaintiff had the following severe impairments: Crohn's Disease. Tr. 21. Despite this impairment, the ALJ found Plaintiff had the RFC to perform light work, except he requires close proximity (within a one minute walk) to a restroom. Tr. 23. He also requires 3 unscheduled breaks of 5 minutes each (in addition to normal breaks). *Id*. The ALJ noted ". . .the [Plaintiff]'s statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence the record . . ." Tr. 24. In support, the ALJ noted the objective laboratory results showed that his

> Sample albumin levels, which range from 4.0-5.0, fall within normal limits. Since 2017, the claimant's BMI has ranged from a low of 22.4 in April 2018, to a high of 27.9 in February 2021. He is not underweight. In fact, he is consistently described as well nourished. Despite the claimant's testimony regarding blood in 35% of his stools, he is not diagnosed with anemia, nor has he been prescribed, or reported taking, iron supplements. Hemoglobin and hematocrit levels are within normal range.

Tr. 25 (internal citations omitted).

Regarding Plaintiff's complaints of his frequent bowel movements, bloody stools and the limiting effects that accompany these symptoms, the ALJ noted several in-person visits with providers where Plaintiff's symptoms were seemingly minimal, objectively and subjectively. Tr. 363, 368, 371, 377, 494. The ALJ contrasts Plaintiff's subjective symptom complaints with the

opinions of Dr. Nisbet, Dr. Hazlewood, and FNP Ryker. State agency medical consultant Dr. Nisbet determined Plaintiff's limitations could be well-managed without great disruption to work, and found them to be non-severe. Tr. 66-74. State agency medical consultant Dr. Hazlewood determined Plaintiff's Crohn's disease as a severe impairment, but stated he could perform light work. Tr. 76-90. Plaintiff's own treatment provider, FNP Ryker, attested to Plaintiff's improvement in symptoms with the use of Remicade, and that his "Monitr level looks good, which seems like your Crohn's is well controlled." Tr. 425; *see also* 422, 565. The ALJ does acknowledge Plaintiff's worsening symptoms that were reported to FNP Ryker two days prior to the administrative hearing. Tr. 25. However, the Court agrees with the Commissioner in citing the rule that "[a]ny deterioration in [Plaintiff]'s condition subsequent to [the last date insured] is, of course, irrelevant." Def.'s Br. 4, citing *Waters v. Gardner*, 452 F.2d 855, 858 (9th Cir. 1971); *see also Melody A. v. Kijakazi*, No. 1:21-cv-00186-CWD, 2022 U.S. Dist. LEXIS 179543, at *12 (D. Idaho Sept. 29, 2022). In *Melody A.*, the Magistrate Judge noted the rule that worsening symptoms after the date last insured can only be used to establish a disability if it can reasonably "relate back" to Petitioner's condition prior to the date last insured. *Id*. However, in that case, the narrow exception did not apply to the Petitioner's IBS-related symptoms because, during and immediately surrounding the relevant period, Petitioner denied gastrointestinal complaints and had generally normal physical examination findings. Such is the case here. During the relevant time period, Plaintiff denied gastrointestinal complaints and had generally normal exam findings. Therefore, the ALJ relied on substantial evidence to discount Plaintiff's subjective symptom testimony.

      Finally, the ALJ pointed to Plaintiff's activities of daily living and noted those activities "do not support the severity and persistence alleged at the hearing." Tr. 25. Despite alleging

debilitating bowel movements with bloody stool and fatigue, Tr. 42-51, the ALJ noted Plaintiff was able to complete household chores, prepare his own meals, care for his dog, go grocery shopping once or twice per week, play music daily, record songs, walk a half mile at a time, and attend family birthday parties, music events and band practice once or twice a month:

> He explained that he needs to stay near a bathroom and this leads him to be less active; however, it appears his fatigue does not prevent him from participating in normal activities and hobbies. The claimant also testified that he regularly drives 3 miles to Corvallis, Oregon to pick up fast food for dinner. This fairly normal array of activities of daily living suggests that despite the claimant's fatigue, he could be expected to work an eight-hour day at a light exertional level, within the limitations described in the residual functional capacity.

Tr. 25-26 (internal citations omitted).

The ALJ did not err in utilizing "ordinary techniques of credibility evaluation" in weighing the validity of Plaintiff's self-reported limitations. *Ghanim*, 763 F.3d at 1163; *Lingenfelter*, 504 F.3d at 1040. Although Plaintiff argues another interpretation of the record is reasonable, that is not a legitimate reason for overturning the ALJ's conclusions. *See Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) ("If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner.") (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996))). Because the ALJ provided "specific, clear and convincing reasons" for finding Plaintiff less-than credible regarding the extent of her limitations, the ALJ did not err in giving little weight to Plaintiff's testimony regarding those limitations. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Smolen v. Chater*, 80 F.3d 1273,1282 (9th Cir. 1996)).

## **CONCLUSION**

The ALJ's decision is supported by substantial evidence and, to the extent the ALJ erred, the error was harmless. The Commissioner's final decision is therefore AFFIRMED. IT IS SO ORDERED.

DATED this 8th day of August, 2023.

<u>/s/ Michael McShane</u>
Michael J. McShane
United States District Judge

11 – OPINION AND ORDER